**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

STANLEY ARON CAVIENSS,
    *Plaintiff*,

v.

UNITED STATES OF AMERICA,
    *Defendant*.

No. 3:18-cv-1920 (VAB)

**RULING AND ORDER ON MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE**

Stanley Aron Cavienss ("Petitioner"), currently incarcerated at the United States Penitentiary, Lewisburg, and proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2255 challenging his conviction and sentence. Mot. to Vacate, Set Aside, or Correct Sentence, ECF No. 1 (Nov. 9, 2018).

For the following reasons, Petitioner's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Indictment[1]

On June 7, 2016, Mr. Cavienss was indicted on charges of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine (Count One); conspiracy to distribute and to possess with intent to distribute heroin (Count Two); and the use, carrying, and possession of a firearm during and in relation to and in furtherance of a drug trafficking felony (Count Six). *See* Indictment, No. 3:16-cr-00114-6 (VAB), ECF No. 12 (June 7, 2016). Count One carried a statutory mandatory minimum sentence of five years' imprisonment and a maximum sentence of 40 years' imprisonment. 18 U.S.C. § 841(b)(1)(B). Count Two carried a

---

[1] For the factual and procedural background of this case, the Court has relied on the related criminal matter, *United States v. Gutierrez et al.*, No. 3:16-cr-00114-6 (VAB).

1

sentence of up to 20 years' imprisonment. 18 U.S.C. § 841(b)(1)(C). Count Six carried a statutory mandatory minimum of five years' imprisonment, to be served consecutively to the sentence for any other offense. *See* 18 U.S.C. § 924(c)(1)(A), (c)(1)(D) (providing that the sentence under this section cannot "run concurrently with any other term of imprisonment imposed on the person").

On June 9, 2016, Mr. Cavienss initially entered a plea of not guilty on all counts. Minute Entry, No. 3:16-cr-00114-6 (VAB), ECF No. 46 (June 9, 2016).

### B. Guilty Plea and Attempt to Withdraw Guilty Plea

On July 13, 2016, the Court held a change of plea and motion hearing, where Mr. Cavienss entered a plea of guilty on Counts One and Two. Minute Entry, No. 3:16-cr-00114-6 (VAB), ECF No. 102 (July 13, 2016). The same day, Mr. Cavienss entered into a plea agreement with the Government. Plea Agreement, No. 3:16-cr-00114-6 (VAB), ECF No. 103 (July 13, 2016). Appearing before the Court at this hearing were Mr. Cavienss, his then-counsel Walter Bansley, and Assistant U.S. Attorney Anthony Kaplan. *See* Plea Trans. 1, No. 3:16-cr-00114-6 (VAB), ECF No. 327-4 (June 1, 2017).

On November 10, 2016, the Court held a hearing in response to Mr. Cavienss's motion for Mr. Bansley to withdraw as his counsel, and for Dan LaBelle to replace him. *See* Minute Entry, No. 3:16-cr-00114-6 (VAB), ECF No. 143 (Nov. 10, 2016). At this hearing, Mr. Cavienss expressed an interest in withdrawing his guilty plea.

On February 14, 2017, Mr. Cavienss filed a motion to continue the sentencing, in part to "investigate the possibility of filing a motion to withdraw the guilty plea." *See* Mot. to Continue, No. 3:16-cr-00114-6 (VAB), ECF No. 207 (Feb. 14, 2017).

2

On March 15, 2017, the Court informed Mr. Cavienss that he should file a motion to withdraw his guilty plea or a related notice within thirty days of receiving the change of plea hearing transcript. Docket Entry, No. 3:16-cr-00114-6 (VAB), ECF No. 238 (Mar. 15, 2017).

On April 3, 2017, the transcript of the change of plea proceeding was filed on the docket. Transcript, No. 3:16-cr-00114-6 (VAB), ECF No. 259 (Apr. 3, 2017).

On May 17, 2017, the Court noted that Mr. Cavienss had yet to file any motion to withdraw his guilty plea or related notice and ordered that Mr. Cavienss file such a motion by June 2, 2017. Order, No. 3:16-cr-00114-6 (VAB), ECF No. 320 (May 17, 2017).

On June 1, 2017, Mr. Cavienss filed a motion to withdraw his guilty plea. Mot. to Withdraw Guilty Plea, No. 3:16-cr-00114-6 (VAB), ECF No. 327 (June 1, 2017).

On July 7, 2017, the Court held a hearing on Mr. Cavienss's motion to withdraw his guilty plea. Minute Entry, No. 3:16-cr-00114-6 (VAB), ECF No. 345 (July 7, 2017).

On July 10, 2017, the Court denied Mr. Cavienss's motion to withdraw his guilty plea. Order on Mot. to Withdraw Guilty Plea, No. 3:16-cr-00114-6 (VAB), ECF No. 344 (July 10, 2017) ("2017 Order"). The Court considered the following:

> (1) whether the defendant has asserted his legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea,

*United States v. Rosen*, 409 F.3d 535, 546 (2d Cir. 2005), as well as (4) "whether the defendant has raised a significant question about the voluntariness of the original plea," *id.* (citing *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997)).

The Court found that (1) Mr. Cavienss did not assert his legal innocence, *see* Mot. to Withdraw Guilty Plea, No. 3:16-cr-00114-6 (VAB), ECF No. 327-1 at 1 (noting that Mr.

Cavienss "is not asserting his legal innocence as the basis for withdrawing his plea"); (2) the elapsed time between Mr. Cavienss's guilty plea and motion for withdrawal weighed against allowing the withdrawal; (3) the Government would be prejudiced; and (4) Mr. Cavienss did not raise a significant question about the voluntariness of his guilty plea, especially because he was not asserting his legal innocence. 2017 Order at 8-12.

Accordingly, the Court found that Mr. Cavienss did not meet his burden to demonstrate "a fair and just reason" for requesting the withdrawal of his guilty plea. *Id.* at 6; *see also id.* at 12 ("To the extent that [Mr. Cavienss] now represents that he had 'a change of heart,' it 'is not a sufficient reason to permit withdrawal of [his] plea[,]' . . . especially if that change of heart is not connected to a viable claim of legal innocence." (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992))).

### C. Sentencing

The Court granted several of Mr. Cavienss's motions to continue sentencing until a later date. Docket Entries, No. 3:16-cr-00114-6 (VAB), ECF Nos. 379, 389, 396, 399, 419.

Before the sentencing hearing, the Court considered the parties' filings and the U.S. Probation Office's Presentence Report. Sent. Mem., No. 3:16-cr-00114-6 (VAB), ECF Nos. 397, 420 (Jan. 16, 2018; Mar. 5, 2018); Gov't's Sent. Mem., No. 3:16-cr-00114-6 (VAB), ECF Nos. 408, 421 (Jan. 26, 2018; Mar. 10, 2018); Presentence Investigation Report, No. 3:16-cr-00114-6 (VAB), ECF No. 376 (Sept. 29, 2017).

On April 27, 2018, the Court held a sentencing hearing, and granted the Government's oral motion to dismiss Count 6 as to Mr. Cavienss. Minute Entry, No. 3:16-cr-00114-6 (VAB), ECF No. 428 (Apr. 27, 2018). At sentencing, the Court found Mr. Cavienss to be safety valve eligible under 18 U.S.C. § 3553(f) and U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2, which made

4

inapplicable the mandatory minimums in this case. Sent. Tr., No. 3:16-cr-00114-6 (VAB), ECF No. 433 at 21:9-23-6 (Apr. 27, 2018). The Court next found that Mr. Cavienss's adjusted offense level was 30 and his criminal history category was I, *id.* at 28:9-10, which resulted in a guideline sentencing range of 97 to 121 months of imprisonment; one to five years of supervised release; a fine of $30,000 to $300,000; and a mandatory special assessment of $200, *id.* at 28:11-14.

The Court sentenced Mr. Cavienss to thirty months of imprisonment for Counts One and Two, to be served concurrently; a three-year term of supervised release; and a special assessment of $200. Judgment, No. 3:16-cr-00114-6 (VAB), ECF No. 429 (May 11, 2018). The Court ordered Mr. Cavienss to self-surrender on June 8, 2018, *id.*, and later entered a forfeiture order as to approximately $98,230 and one Glock, .40 caliber semi-automatic pistol, bearing serial 4VF116, seized on or about April 21, 2016, Order of Forfeiture, No. 3:16-cr-00114-6 (VAB), ECF No. 426 at 1 (May 1, 2018).

On June 8, 2018, the Government filed an appeal, Notice of Appeal, No. 3:16-cr-00114-6 (VAB), ECF No. 439 (June 8, 2018); but later withdrew it, Mandate of USCA re Withdrawal of Appeal, No. 3:16-cr-00114-6 (VAB), ECF No. 441 (June 21, 2018).

### D. Attempts for Relief from Conviction and Sentence

On May 15, 2017, after Mr. Cavienss had already pled guilty and before filing a motion to withdraw his guilty plea, Mr. Cavienss filed a civil rights complaint against the United States of America, C.T D.E.A. F.B.I., and the Martin County Sheriff's Office in Florida. Compl., No. 3:17-cv-00789 (VAB), ECF No. 1 (May 15, 2017). That case has a pending motion for disposition on the merits, which raises many of the same arguments as the current motion. Mot. for Disposition on the Merits, No. 3:17-cv-00789 (VAB), ECF No. 18 (Apr. 15, 2019).

On November 9, 2018, Mr. Cavienss filed a motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255 in this case. Mot. to Vacate, Set Aside, or Correct Sentence, ECF No. 1 (Nov. 9, 2018) ("Mot.").

## II.     STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004).

Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). District courts, however, may "exercise their common sense," *Machibroda v. United States*, 368 U.S. 487, 495 (1962); and may draw upon personal knowledge and recollection of the case, *see Blackledge v. Allison,* 431 U.S. 63, 74 n.4 (1997); *United States v. Aiello,* 900 F.2d 528, 534 (2d Cir. 1990). "Thus, a § 2255 petition may be dismissed without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law." *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017).

With *pro se* litigants, this Court must liberally construe their filings to raise the "strongest arguments it suggests." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman,* 470 F.3d at 474).

## III.     DISCUSSION

Mr. Cavienss raises several grounds to challenge his sentence and conviction. The Court construes Mr. Cavienss to be raising the following constitutional violations: (1) the Fourth Amendment's ban on unreasonable searches and seizures; (2) the prohibitions on *ex post facto* laws in Article 1, Section §§ 9-10; (3) the Third Amendment; (4) ineffective assistance of counsel with respect to his first court-appointed counsel, Mr. Water Bansley; (5) the Fifth Amendment; and (6) the Sixth Amendment. Mot. at 1-9. He also raises a claim under the Magna Carta. *Id.* Essentially, Mr. Cavienss argues that "when one Constitution law is broken they all are broken." *Id.* at 9.

All of Mr. Cavienss's arguments fail for three reasons.

First, any arguments related to the actions that led to his conviction, including arguments related to the lawfulness of the traffic stop where he was intercepted with a gun and large amounts of cash, already have been waived.[2] *See United States v. Turner,* No. 98-1213, 1999 U.S. App. LEXIS 4767, at *4 (2d Cir. Mar. 19, 1999) (unpublished summary order) (affirming district court's denial of petitioner's prior motion to withdraw his guilty plea, because his "sworn statements to the District Court during his plea allocution clearly indicate that his plea was both

---

[2] The Government provided extensive evidence of Mr. Cavienss's involvement in the drug conspiracy, including Mr. Cavienss's interception in approximately 135 communications over the course of electronic surveillance. Gov't's Sent. Mem., No. 3: 16-cr-00114 (VAB), ECF No. 408 at 3 n.1 (Jan. 26, 2018). As Assistant U.S. Attorney Kaplan noted at Mr. Cavienss's sentencing:

> [T]here were a number of [recordings of Mr. Cavienss's conversations] that reflected Mr. Cavienss well knew that he was going down to Florida to pick up cocaine, and there were calls that indicated that he knew that he was in trouble when the police seized the gun and the money.
>
> There were multiple calls, your Honor, where Mr. Cavienss was intercepted on both cocaine and heroin. Again, that's a window into his thinking and into his cognitive abilities, and those reflected absolutely no issues about that [sic] he knew what he was doing and, frankly, that he knew what he was doing was wrong.

Sent. Tr., ECF No. 433 at 13:19-24.

knowing and voluntary," and finding that petitioners "present protestations are simply insufficient to undermine" his prior sworn statements); *see also Padin v. United States*, 521 Fed. Appx. 36, 38 (2d. Cir. 2013) (affirming district court and finding that there was "a sufficient evidentiary record to permit the district court to reject, without a full testimonial hearing," petitioner's claim of ineffective assistance of counsel, because the petitioner "entered a guilty plea" and "received a sentence at the low end of the Guidelines range").

Mr. Cavienss pled guilty to his crimes of conviction—one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 846 and 841(b)(1)(B), and one count of conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C. §§ 846 and 841(b)(1)(C)—which undermines his claims of innocence and challenges of his conviction. Plea Agreement, No. 3:16-cr-00014-6 (VAB), ECF No. 103. And the Court accepted his guilty plea. Minute Entry, No. 3:16-cr-00014-6 (VAB), ECF No. 102.

Second, to the extent that Mr. Cavienss argues that his guilty plea was invalid, the Court has already addressed and rejected those arguments in a prior ruling and order. *See* 2017 Order (denying Mr. Cavienss's motion to withdraw his guilty plea).

Third, to the extent that Mr. Cavienss argues that his sentence was unlawful, the Court notes that while the sentencing guideline range for Mr. Cavienss was 97-121 months of imprisonment, the Court sentenced him to thirty (30) months imprisonment for Counts One and Two, to be served concurrently. *Compare* Judgment, No. 3:16-cr-00114-6 (VAB), ECF No. 429 (May 11, 2018), *with* Sent. Tr., No. 3:16-cr-00114-6 (VAB), ECF No. 433 at 28:9-14 (reciting the sentencing guideline calculations). Indeed, rather than impose the mandatory minimum sentence, the Court found Mr. Cavienss to be safety valve eligible[3] under 18 U.S.C. § 3553(f)

---

[3] At sentencing, the Court stated:

and U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2. Sent. Tr., No. 3:16-cr-00114-6 (VAB), ECF No. 433 at 21:9-23-6. *See United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances. It is therefore difficult to find that a below-Guidelines sentence is unreasonable." (internal citation and quotation marks omitted)); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (explaining that a criminal sentence is substantively unreasonable only in "exceptional cases" where it "cannot be located within the range of permissible decisions" (internal quotation marks omitted)).

As a result, all of Mr. Cavienss's arguments challenging his sentence and conviction are rejected.

## IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Mr. Cavienss's motion.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 15th of January, 2020.

        /s/ Victor A. Bolden
        Victor A. Bolden
        United States District Judge

---

> As I have said earlier, I did make you safety valve eligible. And as I said, this was a very challenging case, and I think it is a very, very rare exception given some of the issues that you have personally, and it is one of the reasons I would, or even could, consider applying it, and I did because I do think for you individually the ability to reconcile having the gun and the drug crime is a very hard thing for you to do, and I think that's essentially what a criminal sentence requires.

Sent. Tr., No. 3:16-cr-00114-6 (VAB), ECF No. 433 at 44:13-23.